LOCAL UNION NO. 422, U. A. Of JOLIET, *et al.*, Plaintiffs-Appellants, *v.* THE FIRST NATIONAL BANK OF JOLIET, Defendant-Appellee.

Third District    No. 80-290

Opinion filed February 26, 1981.—Rehearing denied April 6, 1981.

Richard Buck and Theodore J. Jarz, both of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellants.

R. C. Murphy, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will County dismissing the appellants' complaint for failure to state a cause of action under the terms of the agreement between the parties. On March 23, 1979, appellants, trustees of a pension welfare fund, filed a complaint against appellee, First National Bank of Joliet (Bank), alleging a breach of contract. Appellee filed a motion to dismiss the complaint, which was granted on October 3, 1979, on the grounds that certain factual allegations were lacking in order for the complaint to state a cause of action.

An amended complaint was filed on October 23, 1979. As alleged in the complaint, appellants are the trustees of a pension welfare fund. The fund consisted of stocks and bonds which were delivered to the Bank in

accord with an agreement between the trustees and the Bank. The agreement was an agency agreement whereby the Bank was to act as the trustees' agent in investment of the fund's assets. The agreement provided in pertinent part:

"ARTICLE II-POWERS AND DUTIES OF MANAGEMENT SECTION 1. INVESTMENTS. Agent is hereby authorized to invest any asset or property * * * of the Investment Fund or to dispose of any such asset or property and invest the proceeds of such disposition, as in its absolute and uncontrolled discretion it deems suitable * * *

SECTION 2. POWERS OF THE AGENT WITH RESPECT TO SECURITIES. Agent is hereby authorized and empowered to manage, supervise, and administer the Securities in the Investment Fund in such manner as Agent, in its absolute and uncontrolled discretion deems advisable, and for this purpose, Agent is authorized and empowered to deal with the Securities in the same manner and as freely as the Principal could do and with all the powers which the Principal could exercise. * * *

ARTICE III-WITHDRAWAL OF ASSETS FROM THE INVEST-MENT FUND AND TERMINATION OF THIS AGREEMENT SECTION 2. AMENDMENT OR TERMINATION OF AGREE-MENT. This agreement * * * may be terminated at any time either by Agent or by Principal * * *

ARTICLE IV-GENERAL TERMS AND CONDITIONS SECTION 1. OWNERSHIP OF THE INVESTMENT AND RE-SPONSIBILITY OF AGENT. * * * Agent * * * shall not be liable for errors of judgment * * * nor for any loss arising out of any investment, nor for any depreciation in the value of any securities, assets, or other property * * * nor for any act, or omission to act, performed or omitted by agent * * * in the execution of this agency in good faith.

SECTION 7. Anything in this entire instrument that may be in any way inconsistent with the terms and provisions of the Trust Agreement * * * shall be governed by the terms and provisions of said Trust Agreement * * *."

The trustees' complaint alleges that in 1972, the Bank changed the investment structure of the fund in that virtually all the securities were sold and the proceeds reinvested in corporate stocks. Due to the change, the fund allegedly depreciated in value. The trustees concede that, by itself, this would be inadequate to state a cause of action. However, the amended complaint further alleged that the Bank acted in bad faith. The

trustees allege that on various occasions after the change in character of the fund, the trustees requested and advised, both orally and in writing, the Bank to acquire various debt instruments as part of the fund. The Bank failed to make the requested changes and the trustees allege that this constituted recklessness and willfulness which should make the Bank liable for the subsequent decrease in the value of the assets. The trial court ruled that the trustees had failed to allege facts showing bad faith by defendant and entered a final judgment dismissing the amended complaint. It is from that judgment that the trustees appeal.

■■ The issue on appeal is whether or not the amended complaint states a cause of action. In determining the sufficiency of the complaint, two issues must be dealt with. The first issue is whether or not under the agency agreement, the trustees retained the power to instruct the Bank as to what type of investments were to be made. The agency agreement explicitly confers upon the Bank "absolute and uncontrolled discretion" to administer the investment fund and authorizes and empowers the Bank to manage, supervise, and administer the assets in such manner as the Bank, in its absolute and uncontrolled discretion deems advisable. The language is clear that the Bank's discretion is uncontrolled, *i.e.*, no other party can control the Bank's behavior regarding the fund.

■■ Appellants contend that such an interpretation cannot be given the agreement because there would then be no agency in that the principal would have no control over the acts of the agent. We disagree. The trustees have not abrogated all control over the acts of the Bank. If the trustees are not satisfied with the Bank's actions, they may immediately terminate the agreement. Thus the trustees are not powerless to act if they are dissatisfied with the Bank's actions.

The relationship between a principal and agent is defined by the agreement between them. Appellants cite no case, and our research reveals none, which holds that such language as used in the instant case is beyond the scope of what powers may be delegated to an agent by a principal in an agency agreement. The language of the instant agreement is clear and unambiguous as to the powers delegated to the Bank in article II. The Bank has absolute and uncontrolled discretion. The trustees cannot control the Bank's actions. If the trustees are dissatisfied with the actions of the Bank, they have the power to terminate the agreement.

■■ The trustees alternatively contend that, notwithstanding the express language of article II, the trustees did not confer absolute and uncontrolled discretion upon the Bank, because such an action would contradict the trust agreement. Article IV, section 7 states that if the agreement is inconsistent with the trust agreement, then the terms of the trust agreement shall govern. Paragraph 7 of the trust agreement gives the trustees

the power to invest the trust funds. Thus, the trustees claim, an agreement giving the Bank absolute and uncontrolled authority would conflict with this section of the trust agreement and, according to the agency agreement, paragraph 7 of the trust agreement would control. The problem with this argument is that it ignores paragraph 8(a) of the trust agreement which provides the trustees with the power to employ "such employees, legal, expert and clerical assistance * * * as the trustees in their discretion find necessary or appropriate in the performance of their duties." The trust agreement clearly envisions the trustees employing appropriate expert counsel to guide them in the performance of their duties. There is no restriction as to what powers should be delegated to these experts. It is true that generally a trustee may not delegate powers and duties involving an exercise of discretion and judgment. (*In re Hartzell's Will* (1963), 43 Ill. App. 2d 118, 192 N.E.2d 607.) However, we do not believe the agency agreement had such an effect. The trustees had to use their discretion and judgment in picking a proper agent and they continued to exercise discretion and judgment in watching the investment fund. This is evidenced by the fact that the trustees terminated the agency agreement. We therefore hold that the agency agreement was proper and did not conflict with the trust agreement.

For the abovementioned reasons, we find the Bank had sole authority to choose investments under the agency agreement. Therefore, we need not reach appellants' second issue. Appellants' complaint failed to state a cause of action and the trial court properly dismissed it. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.